JEFFREY L. RICHARDSON (SBN 167274)
jlr@msk.com
VALENTINE A. SHALAMITSKI (SBN 236061)
vas@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA  90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendant
Telebrands Corp.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER RASH, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TELEBRANDS CORPORATION,<br><br>Defendant. | CASE NO. 5:21-CV-00998-JWH-SP<br><br>The Honorable John W. Holcomb<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO TEMPORARILY STAY ACTION PENDING APPROVAL OF CLASS SETTLEMENT IN ANOTHER ACTION;**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES; AND**<br><br>**DECLARATION OF JEFFREY L. RICHARDSON**<br><br>(Request for Judicial Notice Filed and [Proposed] Order Submitted Concurrently Herewith)<br><br>Date:      November 5, 2021<br>Time:      9:00 a.m.<br>Courtroom: 2<br>Location:  3470 12th Street<br>           Riverside, CA 92501 |

# NOTICE OF MOTION

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, on November 5, 2021, at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 2 of the above-entitled Court, located at 3470 12th Street, Riverside, CA 92501, defendant Telebrands Corp. (erroneously sued as Telebrands Corporation) will and hereby does move the Court for an order temporarily staying the above-entitled case, including discovery therein, pursuant to the Court's inherent authority and Federal Rules of Civil Procedure, in order to allow the Superior Court of New Jersey to consider a proposed settlement of a parallel nationwide class action in *Gallo et al. v. Telebrands Corporation*, Civil Action No. ESX-L-007123-21, which, if approved, would resolve all or, at the very least, the vast majority of claims in this action (e.g., the named Plaintiff herein may decide to opt out of the *Gallo* settlement). As detailed in the accompanying memorandum, the temporary stay is in the interests of judicial economy and to ensure the orderly and efficient management of litigation.

This Motion is based on, *inter alia*, the Court's inherent authority and Federal Rule of Civil Procedure 26(b)(2)(C)(iii) and is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Jeffrey L. Richardson, the concurrently-filed Request for Judicial Notice, all pleadings and papers on file in this action, any reply Telebrands Corp. may file, and any such further matters and arguments as may be presented to the Court in connection with this Motion.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3 which started on September 22, 2021. *See* Richardson Decl., ¶ 2.

DATED: OCTOBER 8, 2021          MITCHELL SILBERBERG & KNUPP LLP

By: _____
Valentine A. Shalamitski
Attorneys for Defendant
Telebrands Corp.

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ............................................................................................. 6

II. PROCEDURAL AND FACTUAL BACKGROUND ..................................... 7

    A. The Instant Action ................................................................................. 7

    B. The *Gallo* Class Action and Nationwide Class Settlement .................. 8

III. LEGAL STANDARD ON A MOTION TO STAY ...................................... 10

IV. THE TEMPORARY STAY IS WARRANTED ............................................ 11

    A. Factor One: Staying This Case Will Cause No Harm To Rash ......... 11

    B. Factor Two: Allowing This Lawsuits To Proceed While The *Gallo* Settlement Is Considered Would Harm Defendant .................. 13

    C. Factor Three: A Stay Would Promote The Orderly Administration of Justice ..................................................................... 14

V. CONCLUSION ............................................................................................... 16

DECLARATION OF JEFFREY L. RICHARDSON ............................................. 17

# TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Albert v. Blue Diamond Growers*,
   232 F. Supp. 3d 509 (S.D.N.Y. 2017) ................................................................... 15

*Branca v. Iovate Health Scis. USA, Inc.*,
   No. 12CV01686-LAB WMC, 2013 WL 1344306
   (S.D. Cal. Apr. 2, 2013) ................................................................................... 6, 13

*Chambers v. NASCO, Inc.*,
   501 U.S. 32 (1991) ............................................................................................... 10

*Chartener v. Provident Mut. Life Ins. Co.*,
   No. Civ.A. 02–8045, 2003 WL 22518526
   (E.D. Pa. Oct. 22, 2003) ...................................................................................... 14

*Hennessey v. The Gap Inc.*,
   No. 4:19-CV-01867-SEP, 2021 WL 2665910
   (E.D. Mo. June 29, 2021) .................................................................................... 11

*In re JPMorgan Chase LPI Hazard Litig.*,
   No. C-11-03058 JCS, 2013 WL 3829271
   (N.D. Cal. July 23, 2013) ............................................................................... 12, 14

*Landis v. North American Co.*,
   299 U.S. 248 (1936) ............................................................................................ 10

*Leyva v. Certified Grocers of California, Ltd.*,
   593 F.2d 857 (9th Cir. 1979) ......................................................................... 10, 13

*Lindley v. Life Investors Ins. Co. of America*,
   Nos. 08-CV-0379-CVE-PJC, 09-CV-0429, 2009 WL 3296498
   (N.D. Okla. Oct. 9, 2009) .................................................................................... 15

*Lockyer v. Mirant Corp.*,
   398 F.3d 1098 (9th Cir. 2005) ....................................................................... 11, 13

*Orion Prop. Grp., LLC v. Hjelle*,
   No. 19CV0044JSGRB, 2020 WL 224573
   (E.D.N.Y. Jan. 15, 2020) ..................................................................................... 12

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Pearson v. Wells Fargo, N.A.*,
    No. C14-0521JLR, 2014 WL 2452802
    (W.D. Wash. June 2, 2014) ........................................................................ 14, 15

*Pieterson v. Wells Fargo Bank, N.A.*,
    No. 17-CV-02306-EDL, 2019 WL 1466963
    (N.D. Cal. Feb. 14, 2019) ....................................................... 6, 11, 12, 13, 14, 15

*Rego v. Am. Honda Motor Co.*,
    No. CV1201193VAPOPX, 2012 WL 12953740
    (C.D. Cal. Sept. 20, 2012) ........................................................................ 13, 15

**OTHER AUTHORITIES**

Fed. R. Civ. Proc. 26(b)(2)(C)(iii) .............................................................................. 10

## I. INTRODUCTION

On September 22, 2021, three named plaintiffs filed a parallel state class action titled, *Gallo et al. v. Telebrands Corporation*, Civil Action No. ESX-L-007123-21 ("*Gallo*), in the Superior Court of New Jersey (**Exhibit 1** to the Request for Judicial Notice ("RJN")). Concurrently with the *Gallo* class action complaint, the *Gallo* plaintiffs filed a Motion for Preliminary Approval of Class Action Settlement (**Exhibits 2 - 5** to RJN).

*Gallo* is a nationwide class action which makes allegations similar to the allegations in this case, asserts similar claims, contains similar class and subclass definitions, and seeks similar relief. Defendant's counsel herein advised counsel for Plaintiff Christopher Rash herein ("Rash") of the *Gallo* settlement and the fact that it encompasses the claims of Rash individually, as well as the claims of all absent class members included in the proposed classes in the instant action. As a result, if approved and when final, the *Gallo* settlement would resolve all or the vast majority of claims in this action (e.g., Rash may decide to opt out of the *Gallo* settlement, in which event his individual claims may not be barred). Rash did not voluntarily agree to a stay in this case such that a stipulation could have been submitted to this Court. This motion accordingly follows.

"The spirit of th[is] motion to stay is that proceeding with this case would be a waste of the Court's resources and potentially result in duplicative litigation." *Branca v. Iovate Health Scis. USA, Inc.*, No. 12CV01686-LAB WMC, 2013 WL 1344306, at *1 (S.D. Cal. Apr. 2, 2013) (staying a federal class action "pending the approval of a settlement in a substantively identical class action in Santa Barbara Superior Court" filed after the federal action was filed).

As established below, all relevant factors favor the requested temporary stay which Defendant respectfully requests this Court grants, consistent with numerous other district courts uniformly granting a stay under similar circumstances. *See, e.g., Pieterson v. Wells Fargo Bank, N.A.*, No. 17-CV-02306-EDL, 2019 WL

1466963, at *1 (N.D. Cal. Feb. 14, 2019) ("Courts routinely exercise [their] discretionary] power and grant stays when a pending nationwide settlement could impact the claims in the case before them.") (collecting cases).

## II. PROCEDURAL AND FACTUAL BACKGROUND

### A. The Instant Action

Plaintiff Rash filed his Class Action Complaint ("Complaint") in the instant action on June 14, 2021. ECF No. 1. Rash served the Complaint on July 20 and Defendant filed its Answer on August 10, 2021. ECF No. 35.

Rash alleges that "Defendant designs and develops, advertises, sells, and distributes expandable Silver Bullet™ garden water hoses (the 'Silver Bullet Hose') throughout the United States. Expandable garden water hoses like the Silver Bullet are designed to grow into a full-sized hose when in use and then shrink back to an original compact size when dry and after the first use. Defendant advertises the Silver Bullet Hoses as being reliable alternatives to conventional rubber garden hoses." ECF. No. 1 at ¶ 1. Rash further alleges that "[c]ontrary to Defendant's advertising and representations, however, shortly after the first use, Silver Bullet Hoses tear, wear, develop pin-holes, and leak." *Id.*, ¶ 6.

Based on these and other allegations, Rash alleges the following six claims, on behalf of himself, the purported nationwide class, and the purported California subclass: (1) violation of California Consumers Legal Remedies Act; (2) violation of California Unfair Competition Law ("UCL") – Unlawful Business Practice; (3) violation of UCL – Unfair Business Practice; (4) breach of implied warranty; (5) breach of implied warranty of merchantability, Song-Beverly Act, Civ. Code § 1790 *et seq.*; and (6) unjust enrichment. *Id.*, ¶¶ 50, 51, 60-65, 66-72, 73-77, 78-88, 89-108, 109-114. Rash seeks to recover injunctive relief, declaratory relief, "actual, general, special, incidental, statutory, treble, or other multiple, punitive and consequential damages," "economic injury due to the price premium," interest, and costs and attorneys' fees. *Id.* at 30-31 (Prayer for Relief).

This action is at its inception. After Defendant filed its Answer on August 10, 2021, counsel for the parties held a Rule 26(f) conference on September 22, at which time Defendant's counsel advised Rash's counsel of the *Gallo* settlement. *See* Richardson Decl., ¶ 2. No motion practice or discovery has yet taken place in this action, other than Rash serving written discovery and his initial disclosures on September 22, and the Scheduling Conference is currently set for October 22, 2021. *See Id*., ¶ 3.

### B. The *Gallo* Class Action and Nationwide Class Settlement

On September 22, 2021, plaintiffs Christopher Gallo, Howard Tang, and Kenneth Petersen (collectively, "Gallo") filed a Class Action Complaint in the Superior Court of New Jersey, titled *Gallo et al. v. Telebrands Corporation*, Civil Action No. ESX-L-007123-21. RJN, Ex. 1 (*Gallo* Complaint). The *Gallo* plaintiffs are represented by the well-known class action plaintiffs' firm of Bursor & Fisher, P.A.

*Gallo*, similarly to the instant case, puts expandable Silver Bullet and Pocket Hose Bullet Garden Hoses (the "Hoses") at issue, alleging, among other things, that "[d]espite Defendant's representations and advertisements of durability, the Hoses quickly wear and develop leaks, making the Hoses unusable and worthless." RJN, Ex. 1, *Gallo* Complaint, ¶ 4. The complaint in the instant action makes similar allegations. *E.g.,* Docket No. 1, ¶ 6 ("Contrary to Defendant's advertising and representations, however, shortly after the first use, Silver Bullet Hoses tear, wear, develop pin-holes, and leak."). Overall, the allegations in *Gallo* and here are similar. *Compare* RJN, Ex. 1, ¶¶ 1-15 *with* Docket No. 1, ¶¶ 1-9, 15-22.

Both *Gallo* and this case seek to represents a nationwide class. *Compare* RJN, Ex. 1, ¶ 20 ("Plaintiffs seek to represent a class defined as all persons in the United States who purchased the Hoses (the 'Class')") *with* Docket No. 1, ¶ 51 ("All individuals and entities in the United States who purchased Silver Bullet Hoses, not directly from Defendant, that were developed and marketed by

Defendant"). Both *Gallo* and this case also seek to represents a subclass (a New York subclass in *Gallo* and a California subclass in this action). *Ibid*.

*Gallo* also alleges claims similar to this case: (1) Deceptive Acts or Practices, New York Gen. Bus. Law § 349; (2) False Advertising, New York Gen. Bus. Law § 350; and (3) breach of express warranty. RJN, Ex. 1, ¶¶ 27-46. And, *Gallo* seeks similar relief: declaratory and injunctive relief, compensatory, statutory, and punitive damages, restitution and all other forms of equitable monetary relief, interest, attorneys' fees and expenses and costs of suit. *Id*., ¶ 47.

Also on September 22, 2021, the *Gallo* plaintiffs filed a motion for preliminary approval of a nationwide class settlement which motion is currently set for October 8, 2021. *See* RJN, Exs. 2-5. Among other things:

> "Under the terms of the [*Gallo*] Settlement, Defendant will provide a full refund of the purchase price to all Settlement Class Members with proof of purchase without any cap on the number of units claimed. For Settlement Class Members who do not have receipts, but are willing to return their Hoses [(Defendant shall cover the cost for pre-paid shipping labels to be sent to all class members wishing to return the Covered Products)], Defendant will provide a full refund of the average MSRP for that product during the Class Period, also without any cap on the number of units claimed. For Settlement Class Members who do not return the Hoses and present no proof of purchase, Defendant will provide a refund of up to $14, i.e., $7.00 each for up to two (2) unit purchases of the Hoses during the Class Period."

*Id*., Ex. 4 (Memorandum iso Motion for Preliminary Approval) at 58-59, 63.

The *Gallo* court in New Jersey will thus now evaluate the terms of the settlement and make a preliminary determination whether it is fair, reasonable, and adequate for all class members. If such a determination is made, all class members will then be provided with notice of the terms of the settlement and given an opportunity to request exclusion, object, or express support for the proposed settlement at the final approval hearing. If final approval is granted at the conclusion of this process, all eligible class members in the *Gallo* settlement will be entitled to relief, and the alleged claims will be resolved without the need for further litigation. *See generally* RJN, Exs. 2-5.

### III. LEGAL STANDARD ON A MOTION TO STAY

This Court has broad discretion to stay its own case, including staying discovery therein, in the interests of judicial economy and to ensure the orderly and efficient management of litigation. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (noting court's broad inherent authority to address discovery issues); *see also* Fed. R. Civ. Proc. 26(b)(2)(C)(iii) ("On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed…if it determines that the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy….").

Specifically, a "trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979) (citing multiple cases). Indeed, "Courts routinely exercise [their discretionary] power and grant stays when a pending nationwide settlement could impact the claims in the

case before them." *Hennessey v. The Gap Inc.*, No. 4:19-CV-01867-SEP, 2021 WL 2665910, at *1 (E.D. Mo. June 29, 2021) (staying a federal class action pending the approval of a class settlement in a similar California state action) (collecting cases); *Pieterson*, 2019 WL 1466963, at *1 (similar).

The Ninth Circuit has set out the following factors for evaluating whether a stay is proper:

> "Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among those competing interests are [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and the [3] orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."

*Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). The moving party bears the burden of establishing that a stay is warranted. *Id*. at 1109.

As established below, Defendant amply meets its burden here.

### IV. THE TEMPORARY STAY IS WARRANTED

Each of the three factors identified in *Lockyer*, *supra*, supports the temporary stay.

#### A. Factor One:  Staying This Case Will Cause No Harm To Rash

No damage will result to the Plaintiff herein from the temporary stay. As explained in *Pieterson*:

> "[The *Gallo*] parties have already agreed to the terms of a settlement, signed a settlement term sheet, and they [filed] … the motion for preliminary approval. The

> [*Gallo*] court will either grant or deny preliminary approval. If the court grants the motion, Plaintiffs [here] can challenge the settlement. If the settlement obtains final approval as fair and reasonable, among other criteria, Plaintiffs will either be compensated under the settlement or can resume litigating this case, depending on whether they remain a part of the settlement class and any claims in this case remain viable."

2019 WL 1466963, at *1; *see also In re JPMorgan Chase LPI Hazard Litig.*, No. C-11-03058 JCS, 2013 WL 3829271, at *4 (N.D. Cal. July 23, 2013) (similar; granting stay where parties in parallel action had signed a settlement term sheet). The same reasoning applies here, warranting a stay in this action.

Moreover, Rash would suffer no harm by allowing the *Gallo* court to assess the fairness of the class settlement reached in that case, and he has a remedy for whatever purported harm he might assert. Rash is free to challenge the *Gallo* settlement terms or to opt-out of the settlement altogether. Thus, it is beyond reasonable dispute that Rash will suffer no harm by allowing the *Gallo* court to consider a proposed settlement. *See ibid*.

Further, the instant case has just been recently filed (June 2021) and is in its inception, and a brief stay in the proceedings will not prejudice Plaintiff, who, as noted, has "a right to challenge the [*Gallo*] settlement if [he] do[es] not believe it is fair to [him] as [a] class member[], and any resulting delay for that reason would arguably be, at least in part, a result of [Plaintiff's] own actions." *Id.*, at*2. *See also Orion Prop. Grp., LLC v. Hjelle*, No. 19CV0044JSGRB, 2020 WL 224573, at *4 (E.D.N.Y. Jan. 15, 2020) (granting stay pending approval of state class settlement: "although this action may have been initiated prior to the Illinois [state] Action, the Court finds that a limited stay favors judicial economy and will not prejudice Plaintiff. Indeed, the Illinois Action is closer to final resolution while

this action is in its infancy: a motion to dismiss is fully briefed and pending and the parties have not yet started discovery.").

At bottom, "no matter how hard [Rash's counsel] tries to argue back that a stay isn't warranted …, the real fight here is for control of a class action between two warring plaintiffs' firms." *Branca*, 2013 WL 1344306, at *1. However, it is well-settled that "*Lockyer* is concerned with harm to the parties, not counsel." *Pieterson*, 2019 WL 1466963, at *2 (granting stay pending settlement approval in a separate overlapping class action and rejecting an argument that plaintiffs "will be damaged by delaying resolution of their claims in favor of the [other] proceedings"). Accord *Rego v. Am. Honda Motor Co.*, No. CV1201193VAPOPX, 2012 WL 12953740, at *3 (C.D. Cal. Sept. 20, 2012) ("staying this action will not injure Plaintiffs but will avoid duplicative litigation" pending the appeal of the final approval of a state class settlement).

### B. Factor Two: Allowing This Lawsuits To Proceed While The *Gallo* Settlement Is Considered Would Harm Defendant

"[A]bsent a stay Defendant may be subject to duplicative and inconsistent rulings," which satisfies the *Lockyer* hardship or inequity to a defendant factor. *Pieterson*, 2019 WL 1466963, at *2 (staying the action because "[d]uplicative or inconsistent rulings are a concern if this litigation continues unabated while the [state] case moves toward approval of the settlement"). *See also Rego*, 2012 WL 12953740, at *4 ("The Court finds Defendant should not be required to go forward when duplicative or unnecessary litigation is likely" pending the appeal of the final approval of a state class settlement).

In addition, without a stay, Defendant would likely be exposed to expansive and potentially wasteful and unnecessary discovery. *See Leyva*, 593 F.2d at 864 ("It would waste judicial resources and be burdensome upon the parties if the district court in a case such as this [with parallel arbitration proceedings which, when resolved, would be of valuable assistance to the court in resolving the non-

arbitrable claims] were mandated to permit discovery, and upon completion of pretrial proceedings, to take evidence and determine the merits of the case at the same time as the arbitrator is going through a substantially parallel process."). *See also Chartener v. Provident Mut. Life Ins. Co.*, No. Civ.A. 02–8045, 2003 WL 22518526, at *2-4 (E.D. Pa. Oct. 22, 2003) (staying federal class action pending appeal of a state class settlement which, "if affirmed, will preclude the claims in this action and, thus, staying the action before this court will prevent the waste of judicial and litigant resources"); *Pearson v. Wells Fargo, N.A.*, No. C14-0521JLR, 2014 WL 2452802, at *4 (W.D. Wash. June 2, 2014) (granting stay pending approval of a class settlement in a Florida federal action: "If the court allows the present suit to continue without first determining the status of the [pending approval in a separate action] settlement class, the uncertainty as to the ability of both Ms. Pearson and the putative class to participate in the litigation could cause considerable hardship to Defendants….").

### C. Factor Three: A Stay Would Promote The Orderly Administration of Justice

Finally, "[s]taying the case is the best option for promoting the orderly administration of justice under the circumstances." *Pieterson*, 2019 WL 1466963, at *3. Approval of the *Gallo* settlement would be dispositive of this case because the *Gallo* settlement includes all members of the proposed classes in the instant action. *See, e.g., In re JPMorgan Chase LPI Hazard Litig.*, 2013 WL 3829271, at *5 ("a stay is in the interest of judicial economy because a settlement in [the parallel class action] will obviate any further litigation of issues in this case").

In fact, even where a class settlement may not completely dispose of a parallel lawsuit, a settlement that materially affects another lawsuit warrants a stay because, at the very least, "[a] decision on settlement approval in [*Gallo*] will be a significant step toward resolving [the claims in the federal case] or at least streamlining the questions that must be resolved by this Court and clarifying what

claims remain in this case and who may pursue them." *Pieterson*, 2019 WL 1466963, at *3. Conversely, "[w]ithout a stay, the Court and the parties will invest significant resources to resolve the … class certification and … future dispositive motions, all or most of which may be for naught if the [state class action] settlement is eventually approved." *Id*. at *3.

In light of these considerations, cases issuing stays under similar circumstances are legion. *Ibid*.; *see also Albert v. Blue Diamond Growers*, 232 F. Supp. 3d 509, 513 (S.D.N.Y. 2017) (Finding "that a stay in this case is in the interest of judicial economy. Proceeding with this case while a potential nationwide settlement [in a state class action] that encompasses Plaintiffs' claims is pending would cause the parties to expend considerable resources conducting discovery and briefing motions that may be unnecessary. Such expense would unduly burden Blue Diamond as well as this Court. Furthermore, a stay in this case would promote the interests of non-parties and the public to conserve judicial resources and promote judicial economy. Finally, a stay in this case will not prejudice Plaintiffs. If the Settlement Agreement is not approved, Plaintiffs can move to lift the stay and continue to pursue their claims in this case."); *Rego*, 2012 WL 12953740, at *4 (finding state class settlement approval, if upheld on appeal, "would simplify … issues and questions of law" in the federal case being stayed); *Pearson v. Wells Fargo, N.A.*, 2014 WL 2452802, at *4 (granting stay pending approval of a class settlement in a Florida federal action: "If the court allows the present suit to continue without first determining the status of the [pending approval in a separate action] settlement class, the uncertainty as to the ability of both Ms. Pearson and the putative class to participate in the litigation could … complicate the litigation, and waste judicial resources. If the court grants the stay, however, the [pending approval in a separate action] settlement could simplify matters for this court by determining the landscape of plaintiffs who are permitted to bring or participate in suits against Wells Fargo."); *Lindley v. Life Investors Ins.*

*Co. of America*, Nos. 08-CV-0379-CVE-PJC, 09-CV-0429, 2009 WL 3296498, at *1-3 (N.D. Okla. Oct. 9, 2009) (the District Court, along with judges in other six related federal cases, "stay[ed] proceedings on plaintiff's class allegations pending a fairness hearing of a possible nationwide class settlement in [a state court action in Arkansas]" because approval or rejection of the state class settlement would have a "significant impact" on the court's class certification decision).

In sum, the temporary stay is warranted and should be granted.

## V. CONCLUSION

For the above reasons, the Court should grant this motion and temporarily stay this action, including discovery, pending the review and approval of the *Gallo* settlement by the New Jersey state court.

DATED: OCTOBER 8, 2021                MITCHELL SILBERBERG & KNUPP LLP

By: _____
Valentine A. Shalamitski
Attorneys for Defendant
Telebrands Corp.

**DECLARATION OF JEFFREY L. RICHARDSON**

I, Jeffrey L. Richardson, declare:

1. I am an attorney licensed to practice law before this Court and in the State of California, and I am, through my professional corporation, partner in the law firm of Mitchell Silberberg & Knupp LLP. I represent defendant Telebrands Corp. (erroneously sued as Telebrands Corporation) in the above-entitled action. Unless otherwise indicated, I have personal knowledge of the following facts and, if called and sworn as a witness, could and would competently testify thereto.

2. Pursuant to Local Rule 7-3, I started the meet and confer with Plaintiff's counsel herein, including Michael Ram and several of his co-counsel, on September 22, 2021, when I informed him of the *Gallo* settlement (as defined in the motion). On October 1, 2021, I met and conferred with Mr. Ram and his colleagues about this motion. Plaintiff's counsel did not agree to a stay which necessitated the filing of this motion.

3. No motion practice or discovery has yet taken place in this action, other than Plaintiff serving written discovery and his initial disclosures on September 22, and the Scheduling Conference is currently set for October 22, 2021.

4. True and correct copies of the following documents, which I received from the counsel for the filing party, are attached to the concurrently-filed Request for Judicial Notice:

> **Exhibit 1**: A class action Complaint filed by plaintiffs Christopher Gallo, Howard Tang, and Kenneth Petersen in the Superior Court of New Jersey, titled *Gallo et al. v. Telebrands Corporation*, Civil Action No. ESX-L-007123-21 ("*Gallo*").

> **Exhibit 2**: Class Settlement Agreement filed in the *Gallo* action as Exhibit 8 to plaintiffs' Notice of Motion for Preliminary Approval of Class

Settlement Agreement (Exhibit 3 below) as well as Exhibit 8 to the Kopel Certification (Exhibit 5 below).

**Exhibit 3**: Notice of Motion for Preliminary Approval of Class Settlement Agreement filed in the *Gallo* action (without its Exhibits, which are duplicative of Exhibit 5 below, omitted).

**Exhibit 4**: Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement filed in the *Gallo* action.

**Exhibit 5**: Certification of Yitzchak Kopel in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement filed in the *Gallo* action (with Exhibits 1-7, which are copies of Westlaw printouts of cases, omitted).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 8, 2021, at Los Angeles, California.

_____
Jeffrey L. Richardson