**(JS-6 Admin)**

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER RASH, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TELEBRANDS CORPORATION,<br><br>Defendant. | Case No. 5:21-CV-00998-JWH-SPx<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STAY ACTION PENDING APPROVAL OF CLASS SETTLEMENT IN ANOTHER ACTION [ECF No. 39]** |

Before the Court is the motion of Defendant Telebrands Corporation to stay the instant action pending the approval of a class settlement in another action.[1]  The Court finds this matter appropriate for resolution without a hearing.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers filed in support and in opposition,[2] the Court orders that the Motion is **GRANTED**, for the reasons set forth herein.

## I.  BACKGROUND

### A.   Procedural Background

On June 14, 2021,[3] Plaintiff Christopher Rash filed his Complaint commencing this action on behalf of himself and all others similarly situated.  Telebrands filed the instant Motion on October 8, and it is fully briefed.

### B.   Factual Background

#### 1.   Rash's Allegations

The following concise summary is extracted from Rash's Complaint:

Telebrands designs, develops, advertises, sells, and distributes expandable Silver Bullet™ garden water hoses (the "Silver Bullet Hose") throughout the United States.[4]  Telebrands advertises that the Silver Bullet Hose contains a "DURABLE OUTER SHELL" that "won't snag, tear, or wear."[5]  Telebrands also touts that the Silver Bullet Hose is "'super lightweight and easy to maneuver around'" lawns and gardens.[6]  Rash and putative class members

---

[1]     Def.'s Mot. to Temporarily Stay Action Pending Approval of Class Settlement in Another Action (the "Motion") [ECF No. 39].

[2]     The Court considered the following papers:  (1) Compl. (the "Complaint") [ECF No. 1]; (2) the Motion (including its attachment); (3) Pl.'s Opp'n to the Motion (the "Opposition") (including its attachments) [ECF No. 47]; and (4) Def.'s Reply in Supp. of the Motion (the "Reply") [ECF No. 48].

[3]     Unless otherwise noted, all dates are in 2021.

[4]     Complaint ¶ 1.

[5]     *Id.* at ¶ 3.

[6]     *Id.* at ¶ 4.

viewed and relied upon such advertising in connection with their respective purchases of the Silver Bullet Hose.[7]

Rash alleges that shortly after their first use, Silver Bullet Hoses tear, wear, develop pinholes, and leak.[8]  As a result of those defects, consumers incur substantial replacement costs.[9]

In this action, Rash asserts claims for (1) violation of the California Consumers Legal Remedies Act (the "CLRA"), Cal. Civ. Code §§ 1770(a)(5), (a)(7), & (a)(9); (2) violation of the California Unfair Competition Law (the "UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.* (unlawful business practice); (3) violation of the UCL (unfair business practice); (4) breach of implied warranty; (5) breach of implied warranty of merchantability, Song-Berry Act, Cal. Civ. Code § 1790; and (6) unjust enrichment.

### 2.    The *Gallo* Case

Currently pending before the Superior Court of New Jersey is a civil action denominated as *Gallo v. Telebrands Corp.*, Case No. ESX-L-007123-21 ("*Gallo*").[10]  The *Gallo* plaintiffs commenced their action on September 22.[11]

---

[7]    *Id.* at ¶ 6.

[8]    *Id.*

[9]    *Id.*

[10]    Motion 6:1-7:3.

[11]    *See* Def.'s Req. for Judicial Notice, Ex. A [ECF No. 40-1].  Telebrands requests that the Court take judicial notice of five documents.  *See* Def.'s Req. for Judicial Notice (the "RJN") [ECF No. 40].  In deciding a motion to dismiss, courts generally look to only the face of the complaint and the documents attached thereto.  *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).  The Court may also consider, however, materials that are subject to judicial notice under Rule 201 of the Federal Rules of Evidence. *Gerritsen v. Warner Bros. Entertainment, Inc.*, 112 F. Supp. 3d 1101, 1020 (C.D. Cal. 2015).  Rule 201 permits judicial notice of facts that are "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  Here, Exhibits 1-5 are judicially noticeable court filings from the *Gallo* case.  The RJN is **GRANTED**, as the accuracy of those materials cannot reasonably be questioned.  *See Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) (granting judicial notice of state court of appeal opinion and briefs).

The plaintiffs in both *Gallo* and in the instant action make allegations about the Silver Bullet Hose's lack of durability,[12] and the plaintiffs in both cases seek similar relief.[13]

On the same day that the *Gallo* plaintiffs commenced that action, they filed a motion for preliminary approval of a nationwide class settlement.[14] That settlement, if approved, would provide class members who produce proof of purchase with a full refund of the purchase price, up to $7.00 per hose for up to two hoses.[15] In addition, Telebrands would provide customers who lack proof of purchase with a refund, so long as they return the hose.[16] The *Gallo* court will evaluate the proposed settlement for fairness, reasonableness, and adequacy.[17] Telebrands now requests that the Court stay this action pending the approval of a settlement in *Gallo*.[18]

On September 30, Rash filed a motion to intervene in the *Gallo* case.[19] In that motion to intervene, Rash averred that there are serious deficiencies in the proposed settlement agreement.[20] Specifically, Rash argued that Telebrands "appear[s] to have engaged in a reverse auction[,]" which occurs when the defendants in a series of class actions pick the weakest class lawyers to obtain the weakest possible settlement.[21] Rash highlighted the supposed deficiencies in the *Gallo* settlement, including (1) the failure of the plaintiffs there to take

---

[12]    *Compare* RJN Ex. 1 ¶¶ 1-15 *with* Complaint ¶ 1-8 & 15-22.

[13]    *Compare* RJN Ex. 1 ¶¶ 27-46 *with* Complaint ¶¶ 60-114.

[14]    *See* RJN Exs. 2-5.

[15]    RJN Ex. 4 pp. 58-59 & 63.

[16]    *Id.*

[17]    Motion 10:1-9.

[18]    *See generally* Motion.

[19]    *See* Decl. of Michael F. Ram in Supp. of Pl.'s Opp'n to Def.'s Mot. to Stay [ECF No. 47-1]; *id.*, Ex. B [ECF No. 47-3].

[20]    *See generally id.*, Ex. B.

[21]    *Id.* at 2.

-4-

1    discovery, hire experts, undertake lab testing, or engage a neutral mediator; and

2    (2) the failure of the settlement to force the termination of Telebrands's sale of

3    the defective hoses.[22]

4         On November 10, the New Jersey Superior Court granted the *Gallo*

5    plaintiffs' motion for preliminary approval of settlement and release and related

6    relief.[23]  That same day, the Superior Court denied Rash's motion to

7    intervene.[24]

8    ## II.  LEGAL STANDARD

9         Courts have broad discretion to stay cases, including staying discovery

10   therein, in the interests of judicial economy and to ensure the orderly and

11   efficient management of litigation.  *See Landis v. North American Co.*, 299 U.S.

12   248, 254 (1936) ("The power to stay proceedings is incidental to the power

13   inherent in every court to control the disposition of the causes on its docket with

14   economy of time and effort for itself, for counsel, and for litigants."); *Chambers*

15   *v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (noting court's broad inherent

16   authority to address discovery issues); *see also* Fed. R. Civ. Proc. 26(b)(2)(C)(iii)

17   ("On motion or on its own, the court must limit the frequency or extent of

18   discovery otherwise allowed . . . if it determines that the burden or expense of

19   the proposed discovery outweighs its likely benefit, considering the needs of the

20   case, the amount in controversy. . . .").

21        Specifically, a "trial court may, with propriety, find it is efficient for its

22   own docket and the fairest course for the parties to enter a stay of an action

23   before it, pending resolution of independent proceedings which bear upon the

24   case." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864 (9th Cir.

25   1979) (citing multiple cases).  Indeed, "Courts routinely exercise [their

---

22    *Id.* at 3.

23    *See* Notice, in Connection with the Motion [ECF No. 54], Ex. A.

24    *See id.*, Ex. B.

-5-

discretionary] power and grant stays when a pending nationwide settlement could impact the claims in the case before them." *Hennessey v. Gap Inc.*, 2021 WL 2665910, at *1 (E.D. Mo. June 29, 2021) (internal quotations omitted) (staying a federal class action pending the approval of a class settlement in a similar California state action).  Courts may grant a stay to promote "the orderly course of justice." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55).

"[T]he party seeking the stay 'must make out a clear case of hardship or inequity.'" *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) (citing *Landis*, 299 U.S. at 255).  In determining whether to grant a stay, the court must consider (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.*

## III.  DISCUSSION

The Court will evaluate each of the *Lockyer* factors in turn.

**A.    Possible Harm to Rash If a Stay Is Granted**

The parties disagree over whether a stay will harm Rash.  Telebrands contends that "Rash would suffer no harm by allowing the *Gallo* court to assess the fairness of the class settlement reached in that case, and he has a remedy for whatever purported harm he might assert.  Rash is free to challenge the *Gallo* settlement terms or to opt-out of the settlement altogether."[25]  To support its argument, Telebrands cites *Pieterson v. Wells Fargo Bank, N.A.*, 2019 WL 1466963 (N.D. Cal. Feb. 14, 2019).  In *Pieterson*, the district court downplayed

---

[25]    Motion 12:13-18.

1    the harm that a stay under similar circumstances would cause the plaintiffs,

2    noting:

3           If the court grants the motion, Plaintiffs can challenge the

4           settlement.  If the settlement obtains final approval as fair and

5           reasonable, among other criteria, Plaintiffs will either be

6           compensated under the settlement or can resume litigating this case,

7           depending on whether they remain a part of the settlement class and

8           any claims in this case remain viable.

9    *Id.* at *1.

10          In his Opposition, Rash argues that he will suffer harm if a stay is granted

11   because (1) Telebrands owes Rash discovery responses; and (2) the proposed

12   *Gallo* settlement does not provide for injunctive relief.[26]  Here, as in *Franco v.*

13   *Central Transport LLC*, 2020 WL 11626531 (C.D. Cal. Oct. 22, 2020), "the

14   Court recognizes Plaintiffs' frustration about the added delay in resolving

15   discovery disputes . . . ."  *Id.* at *3.  Nevertheless, "Plaintiffs do not articulate

16   any specific prejudice in halting discovery for a limited time (such as, for

17   example, the potential loss of evidence).  Allowing these discovery disputes to

18   proceed when a settlement may bar this action would therefore waste judicial

19   resources."  *Id.*

20          With respect to Rash's second argument, he cites no authority suggesting

21   that he would be injured if the Gallo court approves a settlement that does not

22   include injunctive relief.  The Court presumes that Rash does not intend to

23   purchase another Silver Bullet Hose, and it is therefore unclear how the lack of

24   injunctive relief injures Rash.  Accordingly, the Court finds that any harm to

25   Rash caused by a stay would be relatively minor.

26

27

28   [26]    Opposition 11:2-18.

**B.      Possible Harm to Telebrands from the Denial of a Stay**

When evaluating whether denying a stay will harm the moving party, courts consider the possibility of "duplicative litigation." *Rego v. Am. Honda Motor Co.*, 2012 WL 12953740, at *3 (C.D. Cal. Sept. 20, 2012).  In addition, courts consider whether the absence of a stay increases the risk of "inconsistent rulings." *Franco*, 2020 WL 11626531, at *3 (quoting *Pieterson*, 2019 WL 1466963, at *2).  Here, the Court finds that it would be "burdensome upon the parties" for the Court to permit "discovery, and upon completion of pretrial proceedings, to take evidence and determine the merits of the case at the same time as" parallel litigation takes place in the *Gallo* case.  *Levya v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979).  This factor weighs in favor of a stay.

**C.      Orderly Administration of Justice**

The Court next examines whether granting a stay would promote the orderly administration of justice.  Here, the Court finds that "[s]taying the case is the best option for promoting the orderly administration of justice under the circumstances." *Pieterson*, 2019 WL 1466963, at *3.  The approval of the *Gallo* settlement would be dispositive of this case because the *Gallo* settlement includes all members of the proposed classes in the instant action.  *See, e.g.*, *In re JPMorgan Chase LPI Hazard Litig.*, 2013 WL 3829271, at *5 (N.D. Cal. Jul. 23, 2013) ("a stay is in the interest of judicial economy because a settlement in [the parallel class action] will obviate any further litigation of issues in this case").

Ultimately, Rash's arguments amount to an expression of his dissatisfaction with the proposed settlement in *Gallo*.  For now, the decision on the adequacy of that settlement rests with the Superior Court of New Jersey.  *See Pieterson*, 2019 WL 1466963, at *3 ("[A]ll of these issues go to the question of whether the Prather settlement is fair and should be approved.  That is a

question that will be resolved by [the Judge] in the [settlement] approval proceedings, not by this Court.").

## IV.  CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1.      Telebrands's instant Motion is **GRANTED**.

2.      This action, including discovery therein, is **STAYED** until further order of this Court.  Any party may file a motion to vacate the stay at any time, for good cause shown.

3.      Telebrands is **DIRECTED** to file a Notice of Resolution of the *Gallo* Case no later than 14 days after the *Gallo* court grants or denies the *Gallo* plaintiffs' motion for final approval of settlement.  Thereafter the Court will set a Status Conference to discuss further proceedings in this action.

4.      Telebrands's pending *Ex Parte* Application for a Modified Briefing Schedule on Plaintiff's Motion for Class Certification [ECF No. 55] is **DENIED** as moot.

5.      The Clerk is **DIRECTED** to close this case administratively.

**IT IS SO ORDERED.**

Dated: December 13, 2021

_____
John W. Holcomb
UNITED STATES DISTRICT JUDGE