MICHAEL F. RAM (SBN 104805)
  mram@forthepeople.com
MARIE N. APPEL (SBN 187483)
  mappel@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6923

[Additional Counsel Appear on Signature Page]

Attorneys for Plaintiff
Christopher Rash

VALENTINE A. SHALAMITSKI (SBN 236061)
  vas@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendant
Telebrands Corp.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER RASH, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TELEBRANDS CORPORATION,<br><br>Defendant. | CASE NO. 5:21-cv-00998-JWH (SPx)<br><br>The Honorable John W. Holcomb<br><br>**NOTICE OF RESOLUTION OF THE *GALLO* ACTION AND JOINT STATUS REPORT** |

Mitchell
Silberberg &
Knupp LLP

On December 13, 2021, this Court stayed the above-entitled action pending approval of class settlement in a civil action then pending before the Superior Court of New Jersey denominated as *Gallo v. Telebrands Corp.*, Case No. ESX-L-007123-21 ("*Gallo*"), and directed Defendant Telebrands Corp. ("Telebrands") to file a Notice of Resolution of the *Gallo* case within 14 days after the *Gallo* court grants or denies the *Gallo* plaintiffs' motion for final approval of settlement. ECF No. 58.

Telebrands hereby notifies the Court that, on March 8, 2022, the *Gallo* court issued the Order Granting Plaintiffs' Motion for Final Approval of Class Action Settlement, Award of Attorneys' Fees and Expenses, and Approval of Incentive Awards; Final Judgment and Order of Dismissal (attached hereto as **Exhibit 1**).

\*   \*   \*

The parties met and conferred about further proceedings in this case, reached a settlement, and anticipate to be shortly filing a stipulation dismissing this action.

Dated: MARCH 22, 2022

By: /s/ Michael F. Ram
Michael F. Ram (SBN 104805)
mram@forthepeople.com
Marie N. Appel (SBN 187483)
mappel@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6923

Jeffrey B. Cereghino (SBN 99480)
jbc@cereghinolaw.com
CEREGHINO LAW GROUP LLP
649 Mission Street, Floor 5
San Francisco, CA 94105
Telephone: (415) 433-4949

Samuel J. Strauss
(To be admitted Pro Hac Vice)
sam@turkestrauss.com
TURKE STRAUSS, LLP
613 Williamson Street, Suite 100
Madison, WI 53703

Telephone: (608) 237-1775

Gretchen M. Nelson (SBN 112566)
gnelson@nflawfirm.com
Gabriel S. Barenfeld (SBN 224146)
gbarenfeld@nflawfirm.com
NELSON & FRAENKEL LLP
601 S. Figueroa Street., Suite 2050
Los Angeles, California, 90017
Telephone: (213) 622-6469
Facsimile: (213) 622-6019

Charles J. LaDuca
(To be admitted Pro Hac Vice)
charles@cuneolaw.com
Brendan Thompson
(To be admitted Pro Hac Vice)
brendant@cuneolaw.com
CUNEO GILBERT & LaDUCA, LLP
4725 Wisconsin Avenue, NW
Suite 200
Washington, DC 200016
Telephone: (202) 789-3960

Attorneys for Plaintiff Christopher Rash

Dated: MARCH 22, 2022

VALENTINE A. SHALAMITSKI
MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Valentine A. Shalamitski
Valentine A. Shalamitski
Attorneys for Defendant Telebrands Corp.

**Attestation Regarding Signatures**

Pursuant to Civil Local Rule 5-4.3.4(a)(2)(i), I, Valentine A. Shalamitski, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: March 22, 2022

/s/ Valentine A. Shalamitski
Valentine A. Shalamitski

# EXHIBIT 1

Yitzchak Kopel (Bar No. 905352012)
**BURSOR & FISHER, P.A.**
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: 212) 989-9163
Email: ykopel@bursor.com

*Attorney for Plaintiffs*

| | |
|---|---|
| CHRISTOPHER GALLO, HOWARD TANG, and KENNETH PETERSEN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TELEBRANDS CORPORATION,<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>ESSEX COUNTY<br><br>Docket No. ESX-L-007123-21<br><br>**CIVIL ACTION** |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AWARD OF ATTORNEYS' FEES AND EXPENSES, AND APPROVAL OF INCENTIVE AWARDS; FINAL JUDGMENT AND ORDER OF DISMISSAL**

WHEREAS, Plaintiffs Christopher Gallo, Howard Tang, and Kenneth Petersen ("Plaintiffs"), moved for an Order, pursuant to New Jersey Court Rule 4:32-2(e), seeking final approval of a class action settlement, and entry of final judgment dismissing the Complaint, following the Court's issuance of an Order, dated November 10, 2021, preliminarily approving such settlement and directing that notice be provided accordingly (the "Motion"); and

WHEREAS, Digital Settlement Group effectuated notice to the Settlement Class in accordance with the Preliminary Approval; and

1

WHEREAS the Court reviewed the submissions of the Parties and proof of completion of notice, and held a Fairness Hearing, pursuant to New Jersey Court Rule 4:32-2(e)(1)(C), on February 17, 2022 (the "Fairness Hearing"); and

WHEREAS the Court has found that the Parties are entitled to the relief they seek;

IT IS ORDERED that the Motion is GRANTED, subject to the following terms and conditions:

1. With respect to the Settlement Class defined below, the Court finds and concludes, for settlement purposes only, that: (a) the Settlement Class Members are so numerous as to make joinder of them impracticable; (b) there are questions of law and fact common to the Settlement Class, and such questions predominate over any questions affecting only individual Settlement Class Members; (c) Plaintiffs' claims and the defenses asserted thereto are typical of the claims of Settlement Class Members and the defenses asserted thereto; (d) Plaintiffs and their counsel have fairly and adequately protected the interests of Settlement Class Members throughout this action; (e) common questions of law and fact predominate over questions affecting only individual Class Members, rendering the Class sufficiently cohesive to warrant a nationwide class settlement; and (f) the certification of the Class is superior to individual litigation

2

and/or settlement as a method for the fair and efficient resolution of this matter.

2. The Court therefore determines that this action satisfies the prerequisites for class certification set forth in New Jersey Court Rule 4:32-1(a), and may be maintained as a class action under New Jersey Court Rule 4:32-1(b)(3), with Yitzchak Kopel of Bursor & Fisher, P.A. representing the following Settlement Class, which the Court hereby certifies:

All persons in the United States who purchased one or more Hoses during the Class Period. Excluded from the Settlement Class are: (i) all Persons who purchased or acquired the Hoses for resale; (ii) Defendant and its employees; (iii) any Person who properly and timely opts out pursuant to this Agreement; (iv) federal, state, and local governments (including all agencies and subdivisions thereof, but employees thereof are not excluded); and (v) the judges to whom this Action is assigned and any member of their immediate family.

"Hoses" is defined as "all expandable Silver Bullet and Pocket Hose Bullet garden hoses."

The "Class Period" is defined as "six years prior to the filing of the Action through November 10, 2021."

The Settlement Class, which will be bound by this Order, includes all Settlement Class Members who did not submit a valid request for exclusion from the Settlement Class. Settlement Class

3

Members who exclude themselves from the Settlement, pursuant to the procedures set forth in Section 7 of the Settlement Agreement, shall thereafter no longer be Settlement Class Members, shall not be bound by the Settlement Agreement, and shall not be eligible to make a claim for any benefit under the terms of the Settlement Agreement.

3. Notice to the Settlement Class has been provided in accordance with the Preliminary Approval Order, dated November 10, 2021. Such Notice has been provided in an adequate and sufficient manner, constitutes the best notice practicable under the circumstances, and satisfies the requirements of due process. The Notice apprised the members of the Settlement Class of the pendency of the litigation, of all material elements of the proposed settlement, of the *res judicata* effect on the members of the Settlement Class, and of their opportunity to opt out of the settlement, to comment on and object to the settlement, and to appear at the Fairness Hearing. Full opportunity has been afforded to the members of the Settlement Class to participate in the Fairness Hearing. Accordingly, the Court determines that all members of the Settlement Class are bound by this Order and by the final judgment to be entered pursuant to this Order.

4. The Settlement Agreement dated September 1, 2021 (the "Settlement Agreement") was arrived at after arm's length negotiations conducted in good faith by counsel for the Parties,

4

and is supported by the majority of the members of the Settlement Class.

5. Further, that in negotiating, entering into, and implementing the Settlement, Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members.

6. Through February 8, 2022, 2 members of the Settlement Class, Marian Herriges and Bonnie Helderman, have timely and properly opted out of the Settlement.

7. The Settlement is fair, reasonable, and adequate in light of the substantial relief obtained, the complexity, expense and duration of the litigation, and the risks inherent and involved in establishing liability and damages, and in maintaining the class action as to liability issues through trial and appeal.

8. The promises and commitments of the parties under the terms of the Settlement Agreement constitute fair value given in exchange for the releases of the Released Claims against the Released Parties (both as defined in the Settlement Agreement). The following claims are therefore released against Telebrands and the other Released Parties:

> Any claim, liability, right, demand, suit, matter, obligation, lien, damage, punitive damage, exemplary damage, penalty, loss, cost, expense, debt, action, or cause of action, of every kind and/or nature whatsoever whether now known or unknown, suspected or unsuspected, asserted or

unasserted, latent or patent, which any Releasing Party now has, or at any time ever had, regardless of legal theory or type or amount of relief or damages claimed, which: (i) in any way arises out of, is based on, or relates in any way to representations pertaining to the performance of the Hoses in this Action. However, Released Claims shall not include claims for personal injury.

9. This Order, the Settlement Agreement, the Settlement that it reflects, the certification of the Settlement Class hereunder, and any and all acts, statements, documents, or proceedings relating to the Settlement are not, and may not be construed as, or used as, an admission by or against the above Released Parties of (1) any fault, wrongdoing or liability on their part, (2) the propriety of class certification in any other proceeding, or (3) the validity of any released claim or the existence or amount of damages.

10. The terms of the Settlement Agreement and the Final Approval Order are binding on the Plaintiffs and all other Class Members, as well as their heirs, executors and administrators, successors and assigns.

11. The Parties and each Settlement Class Member have irrevocably submitted to the jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of the Settlement Agreement.

12. It is in the best interests of the parties and the Settlement Class Members, and consistent with principles of

6

judicial economy, that any dispute between any Settlement Class Member (including any dispute as to whether any person is a Settlement Class Member) and any of the Released Parties (as defined in the Settlement Agreement) which in any way relates to the applicability or scope of the Settlement Agreement or this Order should be presented exclusively to this Court for resolution by this Court.

13. The attorneys' fees requested are fair and reasonable under Rule 4:32-2(h).

IT IS FURTHER ORDERED as follows:

A. The Parties' request for final approval of the Class Action Settlement is GRANTED.

B. The Settlement Agreement submitted by the parties is finally approved as fair, reasonable, adequate, just, and in the best interests of the Settlement Class, and the parties are hereby directed to consummate the Settlement Agreement in accordance with its terms.

C. The proposed method for providing relief to Settlement Class Members, as set forth in the Settlement Agreement, is finally approved as fair, reasonable, adequate, just, and in the best interests of the Settlement Class.

D. The Court approves a payment of $226,148.64 in fees and $620.76 in expenses to Class Counsel (as defined in the

7

Preliminary Approval Order).

E. The incentive awards of $2,500 apiece to the Class Representatives Christopher Gallo, Howard Tang, and Kenneth Petersen is approved and shall be paid within ten (10) calendar days after the Final Settlement Approval Date as defined in the Settlement Agreement.

F. Digital Settlement Group shall issue payments or a letter explaining the rejection of their Claim Form to the Settlement Class Members, within 30 calendar days of the close of the claims period.

G. All claims asserted in this Action are hereby dismissed on the merits with prejudice.

H. Without affecting the finality of the judgment entered pursuant to this Order, this Court retains continuing jurisdiction regarding the Settlement, including the administration, consummation, and enforcement of the Settlement Agreement. In addition, without affecting the finality of the judgment entered pursuant to this Order, this Court retains jurisdiction over the parties and each member of the Settlement Class, who are deemed to have submitted irrevocably to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of or relating to this Order.

I. The Court finds that there is no reason for delay and

directs the Clerk to enter judgment in accordance with the terms of this Order.

DATE: _____    _____
HON. KEITH E. LYNOTT

Reasons and findings on the record.